# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

DAVID SUBLETT                                                    PLAINTIFF

v.                       No. 4:17-cv-128-DPM

ALLMERICA FINANCIAL
BENEFIT INSURANCE CO.                                            DEFENDANT

## ORDER

David Sublett was injured in the gravel parking lot of Ott Park in North Little Rock. The City provides more than one hundred acres of dirt trails there for ATV and motorcycle riders. Sublett rode around the park in the passenger seat of his friend's side-by-side ATV. His friend drove. When they got back to the parking lot, his friend made a sharp, fast turn, and the vehicle rolled. Sublett's hand, which was holding the ATV's roll bar, was crushed, and he ultimately lost one finger. He recovered the full $100,000 liability coverage limit from the driver's insurance company. That didn't make him whole. Sublett now seeks coverage under the underinsured motorist and personal injury protection provisions of his policy with Allmerica. Those provisions, through nearly identical definitions, don't cover vehicles that are "[d]esigned mainly for use off public roads while not upon public roads." № 7-4 at 38 & 43.

The parties agree that an ATV is a vehicle designed for use off public roads; and Sublett acknowledges that there'd be no coverage if the accident had happened on Ott Park's dirt trails. *See, e.g., Hale v. Allied Insurance*, 465 Fed. App'x 757, 759–60 (10th Cir. 2012). There's some scuffling over Ott Park's hours, who maintains it, and whether the entrance gate closes. Taking the facts in Sublett's favor, Ott Park is public; the state finances it, the city owns it, and it's free and accessible to all during daylight hours. The deep issue is whether the term "public roads" in Allmerica's insurance policy is ambiguous and can reasonably be interpreted to include the parking lot at Ott Park.

Allmerica moves for summary judgment. № 12. Sublett seeks summary judgment on the deep issue and wants a trial on damages. № 18. No genuine disputes of material fact exist. The Court appreciates the joint stipulation, № 11.

There's no ambiguity in this insurance policy. Considering the plain meaning of "public roads" — how an ordinary person would understand the term — a parking lot isn't covered. *McGrew v. Farm Bureau Mutual Insurance Co. of Arkansas, Inc.*, 371 Ark. 567, 570 (2007). Vehicles are driven on roads; they're parked in parking lots. The parties argue from various Arkansas statutes. "Public highways", Sublett points out, are defined broadly so that the rules of the road govern lots of places, including parks. ARK. CODE ANN. § 27-51-101(2). But this case isn't about the rules of the road. Plus, as the insurance

company points out, there is an ATV-specific statute that, with some exceptions, makes operating an ATV on "public streets or highways" illegal. ARK. CODE ANN. § 27-21-106(a). Ott Park is a park, but it exists so folks have a public place to operate ATVs. These statutes are thus ill-fitted to help resolve this dispute. There's only one reasonable interpretation of "public roads" on this undisputed record, and it does not include parking lots. Sublett's ATV accident in Ott Park's parking lot is excluded from coverage under the UIM and PIP provisions.

\* \* \*

Allmerica's motion, № 12, is granted. Sublett's partial cross-motion, № 18, is denied. The amended complaint will be dismissed with prejudice.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

17 January 2018